UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Lisa M.,

      Plaintiff,

      v.

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

Case No. 2:17-cv-00457-JVB-JEM

**OPINION AND ORDER**

Plaintiff Lisa M. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. In her application, Plaintiff alleged that she became disabled on January 5, 2014. (R. at 31.) After a video hearing in 2016, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of degenerative joint disease of the left knee, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and obesity. (R. at 33.) The ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 40.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 41.) Therefore, the ALJ found her to be not disabled from January 5, 2012, the alleged onset date. (*Id.*) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ failed to support the RFC determination with substantial evidence; the ALJ erred in the subjective symptom analysis; the Appeals Council erred finding new evidence did not relate back to the relevant time period; and the ALJ failed to properly analyze Plaintiff's obesity.

**(1) New and Material Evidence**

Plaintiff argues that the Appeals council erred in failing to find that the new evidence did not relate back to the relevant period. The Court can only review the Appeals Council's decision if the Council determines that the newly submitted evidence was not new and material and time-relevant, and therefore "non-qualifying under the regulation." *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015); *citing Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012). If the Council finds that the evidence is non-qualifying, the Court has the ability to review the additional evidence for legal error regarding whether it is truly non-qualifying. *Id.*

The Appeals Council in this case looked at the additional evidence dated between May 26, 2017 and July 11, 2017. (R. at 2.) The Council then determined that the additional evidence does not relate to the period at issue. (*Id.*) This made the additional evidence "non-qualifying" under the regulation, and therefore reviewable by the Court.

The additional evidence in question included a lower extremity EMG from May 26, 2017, and progress notes from June 30 through July 11, 2017. The Appeals council found that since the ALJ completed the decision on January 11, 2017, this evidence did not relate back. The EMG showed moderate to severe chronic axonal motor sensory polyneuropathy, small fiber neuropathy, and L4-L5 and L5-S1 foraminal encroachment bilaterally. (R. at 25.)

The fact that the medical records post-date the ALJ decision does not *de facto* render the additional evidence as non-qualifying to the relevant period. In *Farrell v. Astrue*, the Seventh Circuit found that a confirmed diagnosis a month after the ALJ's decision related back to the relevant period. *Farrell*, 692 F.3d at 771. The lower extremity EMG occurred five months after the ALJ's decision and showed moderate to severe polyneuropathy and small fiber neuropathy. Such findings correlate to Plaintiff's complaints of pain and numbness, which date as far back as September 23, 2014 (R. at 497.) There was no intervening trauma that might have created a significant change in Plaintiff's neuropathy from the date of the decision to five months later when the EMG was performed. The lower extremity EMG correlates to symptoms that relate back to the relevant period, and therefore the Appeals Council made a legal error in concluding that the evidence was non-qualifying. This error requires remand.

**(2) Subjective Symptom Analysis**

Plaintiff asserts that the ALJ erred in weighing her subjective symptoms. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).

The ALJ found that Plaintiff's subjective symptoms were "less than fully consistent with the evidence." (R. at 39–40.) The ALJ noted that although Plaintiff reported pain in her knees, exams showed no neurological deficits or motor strength deficits in her lower extremities. (R. at 40.) Additionally, Plaintiff testified that she was severely limited in her ability to stand and walk, but the ALJ found that her orthopedist noted there was no instability in her knee, and her pain improved with injections. (*Id.*) Plaintiff also reported numbness in her hands, but an upper extremity EMG showed "extremely mild" right C5-C6 encroachment. (*Id.*) Finally, Plaintiff testified that she was limited in daily activities, yet the ALJ found that she was able to complete household chores, cook, get her daughter off to school, and drive. (*Id.*) She also reported doing aerobic exercise for thirty to forty-five minutes three times a week. (*Id.*)

Plaintiff takes particular issue with the ALJ's treatment of her activities of daily living. The Seventh Circuit has repeatedly stated that an ability to complete certain activities of daily living does not on its own translate to an ability to work a full-time job. *See Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014); *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into

5

an ability to work full-time." *Roddy*, 705 F.3d at 639; *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

The ALJ considered Plaintiff's daily activities, but he failed to consider how Plaintiff completes her daily activities. Plaintiff testified at the hearing that although she did aerobic exercises in 2014, she struggled with her knees buckling and therefore could only do seated exercises. (R. at 53.) She also requires Celebrex, Tylenol, and Norco to manage her pain. (*Id.*) She testified that she did not help her daughter get ready for school, that she needed to sit in a chair to clean, and that she could only do laundry if her daughter helped. (R. at 57–58.) She also testified that she does not drive, although she still has a driver's license. (R. at 58–59.)

The ALJ mischaracterized Plaintiff's ability to complete daily activities. The ALJ errantly stated that Plaintiff helped get her daughter ready for school and drove. (R. at 40.) However, Plaintiff explicitly stated that she did not help her daughter get ready for school, and that she never drove. (R. at 57–59.) Moreover, although the ALJ found that Plaintiff could complete household chores, he failed to take into account that Plaintiff needed to sit to complete her cleaning. Finally, although the ALJ noted that Plaintiff did report doing aerobic exercises in 2014, he failed to acknowledge her testimony that she had to stop doing aerobic exercise due to her knees buckling. (R. at 53.) The ALJ mischaracterized evidence of daily activities and misused Plaintiff's ability to perform those activities in finding that she was not disabled. This requires remand.

**(3) Other Issues**

Plaintiff also raises additional issues regarding the RFC and her obesity. Because the Appeals Council erred in failing to find the additional evidence related back to the relevant time

period, and the ALJ erred in evaluating Plaintiff's daily activities, remand is appropriate. Proper analysis of the evidence may alter the rest of the ALJ's decision. The Court remands this case due to a failure to properly analyze Plaintiff's daily activities or to consider the medical evidence as a whole.

**(E) Conclusion**

The ALJ erred in the subjective symptom analysis and the RFC determination. For these reasons, the court remands the case for further consideration.

SO ORDERED on September 23, 2019.

                                                        s/ Joseph S. Van Bokkelen
                                                       JOSEPH S. VAN BOKKELEN
                                                       UNITED STATES DISTRICT JUDGE